UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSIE HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01944-TWP-KMB |
| | ) | |
| WENDY KNIGHT, | ) | |
| RANSOM, | ) | |
| A. RICHEY, | ) | |
| JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

This matter is before the Court for screening of the Complaint. Plaintiff Jessie Hatcher ("Mr. Hatcher") is a prisoner currently incarcerated at the Correctional Industrial Facility in Pendleton, Indiana. He alleges in this civil action that Defendants Wendy Knight ("Knight"), Ransom, A. Richey and Jones (collectively "Defendants") violated his constitutional rights when they failed to follow medical orders from an outside provider who performed surgery on his neck. Because Mr. Hatcher is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Complaint names four defendants: Warden Wendy Knight, Health Services Administrator (HSA) Ransom, Nurse Richey, and Dr. Jones. The complaint makes the following allegations. In February 2022, Mr. Hatcher was sent to St. Vincent Hospital to have a mass surgically removed from his neck. When he returned to the prison, he was evaluated by medical staff and sent to his cell. His outside provider instructed prison medical staff to clean and dress the wound daily, apply bacitracin ointment, provide Tylenol or Motrin for pain, and remove his sutures on March 2, 2022, approximately eleven days after his return to the prison. He received none of the ordered treatment and was not seen by any medical provider until March 2, 2022, when medical staff determined that his surgical site was infected. They therefore could not remove his sutures. Instead, they gave him Keflex and scheduled him to be seen by Dr. Jones the following day.

Dr. Jones prescribed a month-long course of Clindamycin.

Nurse Richey removed the sutures on April 1, 2022. Mr. Hatcher alleges that he experienced unnecessary pain, infection, and scarring as a result of the Defendants not following the outside provider's instructions.

Mr. Hatcher seeks injunctive relief and compensatory and punitive damages.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). Mr. Hatcher's complaint does not allege that any defendant was personally involved in the alleged constitutional violation. The only allegations against the named defendants are that Dr. Jones prescribed antibiotics and Nurse Richey removed his sutures. But there is no allegation that either of them, or either of the other defendants, knew that he was supposed to be getting daily dressing changes and other treatment after his return from the hospital. Neither Mr. Hatcher's factual allegations, nor his attached exhibits, indicate who evaluated him when he returned from the hospital or who received the treatment orders from the outside specialist.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to

amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through November 30, 2022, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:22-cv-01944-TWP-DML, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 11/8/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JESSIE HATCHER
279031
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
PENDLETON, IN 46064
Electronic Service Participant – Court Only